UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELECTRONIC MERCHANT, SYSTEMS LLC, | ) ) ) | CASE NO.  1:23-cv-01012 |
| Plaintiff/Counter-Defendant, | ) ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) | |
| SEARCHFINDER LLC, *et al.*, | ) ) | **OPINION AND ORDER** |
| Defendants/Counter-Claimants | ) | |

Before this Court is the motion to strike Electronic Merchant Systems LLC's ("Plaintiff") affirmative defenses (Doc. No. 22) filed by Searchfinder LLC and Vasily A. Fomin ("Defendants").  This motion is fully briefed.  (Doc. Nos. 24, 25.)  For the reasons that follow, this motion is DENIED.

**I.  Background**

On April 17, 2023, Plaintiff initiated this action against Defendants in the Cuyahoga County Court of Common Pleas, alleging two causes of action related to duties owed under the parties' contract and one count of fraud.  (Doc. No. 1-1 at 13-14.)[1]  This case was properly removed to this Court pursuant to the Court's diversity jurisdiction.  (Doc. Nos. 1, 21.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

1

On May 26, 2023, Defendants moved to dismiss the fraud claim under Fed. R. Civ. P. 12(b)(6). (Doc. No. 4 at 117.) Plaintiff then filed a notice of voluntary dismissal *with prejudice* of the fraud claim. (Doc. No. 10 at 252.)

Defendants filed an answer and counterclaims on June 8, 2023. (Doc. No. 11 at 254.) Defendants alleged five counterclaims: breach of contract (Counterclaim One), fraudulent misrepresentation and concealment (Counterclaim Two), fraudulent inducement (Counterclaim Three), unjust enrichment (Counterclaim Four), and declaratory relief (Counterclaim Five). Plaintiff replied to Defendants' counterclaims on July 20, 2023. (Doc. No. 18.)

In its reply, Plaintiff raised ten affirmative defenses. (*Id.* at 410-11.) Defendants now move to strike five of these defenses. (Doc. No. 22 at 628-31.) Plaintiff pleaded the defenses at issue as follows:

> 2. The Counterclaim fails to state a claim upon which relief can be granted against Plaintiff.
>
> 5. Defendants' claims are barred by their own default.
>
> 6. Defendants have breached the implied covenant of good faith and fair dealing.
>
> 7. Defendants claims are barred by the doctrine of unclean hands.
>
> 8. At all relevant times, Plaintiff acted reasonably and in good faith.

(Doc. No. 18 at 410.)

## II. **Law**

Fed. R. Civ. P 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court." *Chiancone v. City of Akron*, No. 5:11-cv-337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011). However, such motions "are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health*

*Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).  "[T]he action of striking a pleading should be sparingly used by the courts," "resorted to only when required for the purposes of justice," and "only when the pleading to be stricken has no possible relation to the controversy."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

While there is disagreement within this District regarding the proper affirmative defense pleading standard,[2] the Court concludes that an affirmative defense is properly pleaded if it provides "fair notice of the nature of the defense."  *Lindenbaum v. Energy Servs. Providers, Inc.*, No. 1:21-cv-00764, 2021 WL 3036505, at *3 (N.D. Ohio July 19, 2021) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)).  Under this standard, "general or boilerplate defenses are acceptable, even if they lack factual specificity, so long as it remains possible that the defenses relate to the claims at hand."  *Id.* (quoting *Fed. Trade Comm'n v. Stratford Career Inst.*, No. 16-cv-371, 2016 WL 3769187, at *2 (N.D. Ohio July 15, 2016)); *see also Brown & Williamson*, 201 F.2d at 822 ("We think that the District Court erred in striking the affirmative defenses of the answer.  It has not been shown that these defenses have no relation to the controversy.").  "If, however, the relevant legal standard for the defense makes the affirmative defense completely inapplicable, then the defense must be struck."  *Stratford*, 2016 WL 3769187, at *2.

---

[2] *Compare Revolaze, LLC v. Target Corp.*, No. 1:17-cv-2417, 2018 WL 8838853, at *2 (N.D. Ohio July 31, 2018) ("Affirmative defenses should provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case." (cleaned up)) *with Greenberger v. Bober, Markey, Fedorovich & Co.*, 343 F.R.D. 375, 377-78 (N.D. Ohio 2023) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient as long as it gives plaintiff fair notice of the nature of the defense." (cleaned up)).

### III. <u>Analysis</u>

Defendants have not demonstrated why the Court should grant the "disfavored" remedy of striking an affirmative defense. *G & W Constr. Co.*, 783 F.3d at 1050. To start, Defendants have not shown, with supporting legal authority, that any of these defenses are unavailable as a matter of law. *Stratford*, 2016 WL 3769187, at *2. Nor does Defendants' motion or reply brief explain why Plaintiff's affirmative defenses do not "relate to the claims at hand." *Lindenbaum*, 2021 WL 3036505, at *3. This dispute generally concerns parties' rights and responsibilities under a merchant services contract. (*See* Doc. No. 11 at 264, ¶ 15; Doc. No. 1-1 at 12, ¶ 3.) Each affirmative defense can be reasonably understood as related to this agreement. In the end, Plaintiff provided Defendants with "fair notice of the nature of its [defenses]." *Lindenbaum*, 2021 WL 3036505, at *3.

In this litigation, the Court's denial of the motion to strike places the parties in the same position relating to affirmative defenses. This is so because the affirmative defenses in Defendants' answer provided the same lack of specificity about which they complain. Like Plaintiff, Defendants raise the defense of "fail[ing] to state a claim upon which relief may be granted" without providing any additional support. (Doc. No. 11 at 259, ¶ 5.) Defendants also simply state that "any alleged damages that [Plaintiff] sustained is a result of [Plaintiff's] wrongdoing and unclean hands as detailed in the counterclaim below." (*Id.* at 259, ¶ 7.) And, just like Plaintiff, Defendant did not provide the specific conduct that supports the "unclean hands" defense. (*Compare id. with* Doc. No. 18 at 410, ¶ 7.) That Defendants largely pleaded affirmative defenses with the same level of specificity as Plaintiff leads to the conclusion that it would be inappropriate for the Court to use its discretion to strike one party's affirmative defenses but not the other. *Brown & Williamson*, 201 F.2d at 822 (noting that striking "is a

4

drastic remedy to be resorted to only when required *for the purposes of justice*" (emphasis added)).

## IV. Conclusion

For the reasons stated herein, Defendants' motion to strike is DENIED.

**IT IS SO ORDERED.**

*[signature]*

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: October 16, 2023

5